UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br>        Plaintiff,<br><br>v.<br><br>O'KEEFFE, LLC, D'S WELDING, INC.,<br>KINGSPAN INSULATED PANELS, INC., CHIEF<br>INDUSTRIES, INC. D/B/A CHIEF BUILDINGS,<br>and PRS DESIGN BUILD SYSTEMS, INC.,<br>        Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure.

### PARTIES

2. Scottsdale is a corporation existing under the laws of Ohio, with its principal place of business in Scottsdale, Arizona.

3. Defendant, O'Keeffe, LLC ("O'Keeffe") is a single-member Massachusetts limited liability company with a principal place of business at 333 Weymouth Street, Rockland, Massachusetts. The sole member of O'Keeffe is a Massachusetts citizen.

4. D's Welding, Inc. ("D's Welding") is a Massachusetts corporation with a principal place of business at 622 Plymouth Street, East Bridgewater, Massachusetts.

5. Kingspan Insulated Panels, Inc. ("Kingspan') is a Florida corporation with a principal place of business at 726 Summer Hill Drive, DeLand, Florida.

6. Chief Industries, Inc. ("Chief") is a Delaware corporation with a principal place of business located at 3942 W. Old Highway 30, Grand Island, Nebraska.

7. PRS Design Build Systems, Inc. ("PRS") is a Massachusetts corporation with its principal place of business at 58 Shirley Road, Raynham, Massachusetts.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that it is a civil action between parties of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to the claim occurred in this judicial district and some of the defendants have their principal place of business in this judicial district.

## PROCEDURAL HISTORY

10. In or about January 2020, O'Keeffe commenced an action (the "Underlying Action") in the Suffolk County Superior Court, MA, against a number of companies, including, but not limited to, D's Welding, for a myriad of construction defects related to construction of a building located at 333 Weymouth Street, Rockland, Massachusetts (the "Building"), under Civil Action No. 2084CV00314. A true and accurate copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

11. In or about February 2020, counsel for O'Keeffe sent Scottsdale a courtesy copy of the Complaint in the Underlying Action.

12. By letter dated February 28, 2020, Scottsdale extended a defense to its named insured, D's Welding, pursuant to a reservation of rights. A true and correct copy of the February 28, 2020 letter is attached hereto as **Exhibit B.**

26307061.v3

13. Though Scottsdale is defending D's Welding in the Underlying Action, there remains an actual controversy between Scottsdale, on the one hand, and D's Welding, O'Keeffe, Kingspan, Chief, and PRS, on the other hand. As a result, this Court is vested with the power to declare the rights and liabilities of the parties and to grant such relief as it deems necessary and proper.

14. As against defendant D's Welding, the Complaint in the Underlying Action alleges breach of contract for construction defects and negligent construction of the Building.

15. The Underlying Complaint alleges a myriad of construction defects in the construction of the Building, against D's Welding, including:

    a. Installation of components of the perimeter and roof not specified in the Plans prepared by Chief;

    b. Failing to properly install flashings at the window sills, jambs and headers; and

    c. Failing to install roof fasteners.

16. The Complaint in the Underlying Action alleges damages in an unspecified amount.

17. O'Keeffe alleges that the cost to remediate the construction defects alleged in the Underlying Action exceeds $800,000.

## THE UNDERLYING ACTION

18. As noted in the Underlying Action, D's Welding was retained by O'Keeffe to perform certain construction services and provide labor and materials, including installation of insulated metal panels on the exterior perimeters, mezzanine and stairs, as well as installation of a metal panel roof system for the Building.

19. O'Keeffe alleges that beginning in October 2017, the Building experienced water infiltration through the exterior perimeter and the metal panel roof system.

20. O'Keeffe alleges that this water infiltration caused damage to the interior of the Building and some of its contents.

21. As against D's Welding, O'Keeffe alleges that the water infiltration and damage to the Building was caused by D's Welding's faulty workmanship.

## THE INSURANCE POLICY

22. Scottsdale issued Commercial General Liability insurance policy to D's Welding, Policy Number CPS2614573 for the policy period of December 7, 2016 to December 7, 2017 (the "Policy").

## FIRST CAUSE OF ACTION
### (Lack of an "Occurrence")

23. Scottsdale repeats and realleges Paragraphs 1-22 as if stated more fully in this paragraph.

24. The Insuring Agreement for Coverage A – Bodily Injury and Property Damage Liability of the Policy provides, in pertinent part, that coverage for "property damage" applies only if the "property damage" is caused by an "occurrence."

25. The Policy contains the following relevant definitions:

**DEFINITIONS**

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. "Property damage means:

      a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b.      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

26. The Complaint in the Underlying Action does not allege "property damage" caused by an "occurrence," as the Underlying Action instead seeks damages for replacement and/or repair of D's Welding's own work product.

27. Damage to one's own work product requiring replacement or repair does not constitute an "occurrence" under the Policy.

28. Breach of contract does not constitute an "occurrence" under the Policy.

29. Absent an "occurrence," Scottsdale has no duty to defend D's Welding.

30. And since Scottsdale has no duty to defend D's Welding, Scottsdale has no duty to indemnify D's Welding in the Underlying Action.

## SECOND CAUSE OF ACTION
### (Lack of "Property Damage")

31. Scottsdale repeats and realleges Paragraphs 1-22 as if stated more fully in this paragraph.

32. The Policy provides coverage, subject to certain limitations, for "property damage."  The Policy provides as follows:

"Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it…

33. The Complaint in the Underlying Action does not allege "property damage" that occurred during the policy period, as the Underlying Complaint seeks costs for replacement and repair of work product and/or economic damages which do not satisfy the Policy definition of "property damage."

34. Damage to one's own work and work product requiring replacement or repair of said work does not constitute "property damage," as defined by the Policy.

35. Breach of contract also does not constitute "property damage" under the Policy.

36. Absent "property damage," Scottsdale has no duty to defend D's Welding.

37. And since Scottsdale has no duty to defend D's Welding, Scottsdale has no duty to indemnify D's Welding in the Underlying Action.

### THIRD CAUSE OF ACTION
### ("Your Work" Exclusion)

38. Scottsdale repeats and realleges Paragraphs 1-22 as if stated more fully in this paragraph.

39. The Policy provides coverage subject to certain limitations and exclusions. One such exclusion is for damage to the insured's work. That exclusion provides:

    **j.**    **Damage To Property**

        "Property damage" to: . . .

        **(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it …

        \* \* \*

26307061.v3

> Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

40. The Policy defines "your work" as follows:

"Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

**(2)** The providing of or failure to provide warnings or instructions.

41. The crux of the claims asserted against D's Welding in the Underlying Action is that D's Welding's faulty workmanship and failure to install metal panels in conformance with manufacture's specifications resulted in construction defects.

42. O'Keeffe seeks payment for repair and replacement of allegedly defective work incorrectly performed by D's Welding.

43. Damage to one's own work, defective work or work incorrectly performed is barred from coverage by Exclusion **j.(6)** of the Policy.

44. Absent covered "property damage," Scottsdale has no duty to defend D's Welding.

45. And since Scottsdale has no duty to defend D's Welding, Scottsdale has no duty to indemnify D's Welding in the Underlying Action.

## FOURTH CAUSE OF ACTION
### ("Your Work", "Property Completed" Exclusion)

46. Scottsdale repeats and realleges Paragraphs 1-22 as if stated more fully in this paragraph.

47. The Policy provides coverage subject to certain limitations and exclusions. One such exclusion is for damage to the insured's work. That provides:

> **l.     Damage To Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

48. The crux of the claims asserted against D's Welding in the Underlying Action is that D's Welding's faulty workmanship and failure to install metal panels in conformance with manufacture's specifications resulted in construction defects.

49. O'Keeffe seeks payment for repair and replacement of allegedly defective work incorrectly performed by D's Welding.

50. Damage to one's own work or arising out of any part of it is barred by Exclusion **l.** of the Policy.

51. To the extent it could be argued that an insufficiency in D's Welding's work contributed to any construction defects, coverage is barred under Exclusion **l.**

52. Absent covered "property damage," Scottsdale has no duty to defend D's Welding.

53. And since Scottsdale has no duty to defend D's Welding, Scottsdale has no duty to indemnify D's Welding in the Underlying Action.

## FIFTH CAUSE OF ACTION
### (Damage to "Impaired Property")

54. Scottsdale repeats and realleges Paragraphs 1-22 as if stated more fully in this paragraph.

55. The Policy provides coverage subject to certain limitations and exclusions. One such exclusion is for damage to the insured's work. That provides:

> **m.** **Damage To Impaired Property Or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

56. The crux of the claims asserted against D's Welding in the Underlying Action is that D's Welding's faulty workmanship and failure to install metal panels in conformance with manufacture's specifications resulted in construction defects.

57. O'Keeffe seeks payment for repair and replacement of allegedly defective work incorrectly performed by D's Welding.

58. Damage to one's own work or arising out of any part of it is barred by Exclusion **m.**

59. To the extent it could be argued that an insufficiency in D's Welding's work contributed to any construction defects, coverage is barred under Exclusion **m.**

60. Absent covered "property damage," Scottsdale has no duty to defend D's Welding.

61. And since Scottsdale has no duty to defend D's Welding, Scottsdale has no duty to indemnify D's Welding in the Underlying Action.

**WHEREFORE,** Plaintiff, Scottsdale Insurance Company, demands the following relief:

A. An Order declaring that Plaintiff, Scottsdale, is not obligated to indemnify defendant D's Welding, Inc. for any non-covered damages in the Underlying Action; and

B. Such other and further relief as this Court deems just and proper including costs.

DATE:     July 24, 2020               Respectfully submitted,

**SCOTTSDALE INSURANCE COMPANY**

By its attorneys,

/s/ Jonathan L. Schwartz
Jonathan L. Schwartz (BBO #569018)
GOLDBERG SEGALLA LLP
*Mailing Address:* P.O. Box 957, Buffalo, NY 14201
*Physical Address:* 222 W. Adams St., Suite 2250,
                    Chicago, IL 60606
(312) 572-8411
jschwartz@goldbergsegalla.com

OF COUNSEL
Sharon Angelino
GOLDBERG SEGALLA LLP
*Mailing Address:* P.O. Box 957, Buffalo, NY 14201
*Physical Address:* 665 Main St., Buffalo, NY 14203-1425
Tel:  716-566-5411
sangelino@goldbergsegalla.com

26307061.v3